# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

DOUGLAS VERNON MASHEK,  )
            )
  *Plaintiff*,     )
            )  Case No. 3:23-cv-429
v.           )
            )  Judge Atchley
NICOLAS HALSEY, *et al.*,   )
            )  Magistrate Judge McCook
  *Defendants.*   )
            )

## <u>MEMORANDUM OPINION AND ORDER</u>

On October 4, 2024, the Court dismissed Plaintiff's claims with prejudice for failure to state a claim upon which relief could be granted. [Docs. 31–32]. In this same Memorandum Opinion and Order, the Court also denied Plaintiff leave to amend the Complaint. [Doc. 31]. On November 5, 2024 (32 days later), Plaintiff filed a Motion for Reconsideration of the Court's October 4, 2024, Memorandum Opinion and Order. [Doc. 36]. For the following reasons, the Motion [Doc. 36] is **DENIED**.

## I.  STANDARD OF REVIEW

As an initial matter, the Court must determine how to construe Plaintiff's Motion. Ordinarily, "a pro se motion to reconsider may be properly evaluated under either Rule 59(e) as a motion to amend judgment or under Rule 60(b) as a motion for relief from judgment." *Jackson v. Bradshaw*, No. 1:16 CV 1852, 2018 U.S. Dist. LEXIS 140908, at *1 (N.D. Ohio Aug. 17, 2018). Here, however, Plaintiff may proceed only in accordance with Federal Rule Civil Procedure 60(b). This is because motions brought pursuant to Federal Rule of Civil Procedure 59(e) must be brought within 28 days after the entry of judgment, *see* FED. R. CIV. P. 6(b)(2), and Plaintiff did not file the instant Motion until 32 days after judgment was entered. [*See* Docs. 31–32, 36]; *see also Ross v.*

*USA Inc.*, No. 14-4134, 2015 U.S. App. LEXIS 23904 (6th Cir. Dec. 21, 2015) (holding that a pro se Rule 59(e) motion untimely where it was not filed within 28 days of the entry of judgment). Accordingly, the Court will construe Plaintiff's Motion for Reconsideration as a Rule 60(b) motion for relief from judgment.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following six reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). If none of these reasons are present, then a court cannot grant a Rule 60(b) motion. *Oko v. City of Cleveland*, No. 1:21cv2222, 2023 U.S. Dist. LEXIS 173600, at *17 (N.D. Ohio Sep. 28, 2023) (cleaned up). Furthermore, because "relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation[,]" *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted), a party may prevail on a Rule 60(b) motion only if he shows his entitlement to relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## II.    ANALYSIS

In this case, Plaintiff's Motion appears to best fit within Rule 60(b)(1) since it asserts that the Court improperly applied the law when evaluating the Defendants' motions to dismiss and Plaintiff's motion for leave to amend. [Doc. 36]; *see also Oko*, 2023 U.S. Dist. LEXIS 173600, at *18 ("Rule 60(b)(1) permits relief when the judge has made a substantive mistake of law or fact in the final judgment or order." (internal quotation marks omitted)). Liberally construing the Motion, Plaintiff asserts that the Court erred by: (1) considering the affidavits of complaint Plaintiff filed as exhibits to the Complaint when ruling on the Defendants' motions to dismiss; (2) finding that Plaintiff's constitutional claims were brought pursuant to 42 U.S.C. § 1983; (3) finding that the limitations period for Plaintiff's untimely claims should not be tolled; (4) finding that Plaintiff failed to state either a false arrest and imprisonment or malicious prosecution claim upon which relief could be granted; and (5) finding that Plaintiff failed to state a claim for conversion upon which relief could be granted. [Doc. 36]. After considering the Court's October 4, 2024, Memorandum Opinion and Order [Doc. 31], the record in this case, and Plaintiff's arguments, the Court finds no error.

### 1. The Court was permitted to consider the affidavits of complaint filed as exhibits to the Complaint when ruling on the Defendants' motions to dismiss.

Plaintiff asserts that the Court erred by considering the facts stated in the affidavits of complaint he filed as exhibits to the Complaint and drawing adverse conclusions from the same when ruling on the Defendants' motions to dismiss. [*See* Doc. 36 at 1–2]. This argument is without merit. "When a court is presented with a Rule 12(b)(6) motion [to dismiss], it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic*

*Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the affidavits of complaint were both attached to the Complaint and central to Plaintiff's claims. Therefore, the Court was permitted to consider them when ruling on the Defendants' motions to dismiss. *See id.*

Furthermore, the Court exercised great care when considering the affidavits' contents. Aware that Plaintiff alleged that Defendant Halsey "made false charges and affidavit of such," the Court carefully reviewed the Complaint and Plaintiff's response to Defendant Halsey's motion to dismiss to identify which facts, if any, Plaintiff alleged were false. [*See* Doc. 31 at 4]. If Plaintiff had alleged that a specific factual assertion in one or both affidavits was false, then the Court would have accepted that allegation for purposes of ruling on the Defendants' motions. *See Shropshire v. Maucere*, No. 1:19-CV-123, 2020 U.S. Dist. LEXIS 196569, *23 (E.D. Tenn. Oct. 22, 2020) (noting that if a Plaintiff had made the necessary allegations, the court would have disregarded the allegedly false statements in a warrant affidavit when evaluating a motion to dismiss). But Plaintiff did not allege that the affidavits were factually incorrect. Instead—and as described in this Court's October 4, 2024, Memorandum Opinion and Order—Plaintiff took issue with the legal implications of those facts such as whether his "passive resistance" qualified as resisting arrest. [*See* Doc. 31 at 4]. Consequently, the Court concluded that Plaintiff was not contesting the factual accuracy of the affidavits. [*Id.*]. This was not an error, especially when considering that Plaintiff still has not identified a specific factual assertion in one or both affidavits that he contends is false and in fact has confirmed that he did not have a license at the time Defendant Halsey arrested him. [Doc. 36 at 1–2].

As for Plaintiff's contention that the Court erred when drawing adverse conclusions from the affidavits, it is the Court's job to draw conclusions from the pleadings and evidence before it to determine whether a party is entitled to relief. At the motion-to-dismiss stage, this means

drawing all *reasonable* inferences in the plaintiff's favor. *Hart v. Hillsdale Cnty.*, 973 F.3d 627, 635 (6th Cir. 2020) (emphasis added). This, however, does not insulate a plaintiff from ever having a conclusion drawn against him. When an inference adverse to a plaintiff "is the only plausible conclusion that can be reached on [the] facts[,]" then the Court may make that inference. *Id.* at 638. That is what happened here. The Court construed the Complaint and the affidavits of complaint in the light most favorable to Plaintiff but nevertheless found that many conclusions could only plausibly be construed in the Defendants' favor. [*See generally* Doc. 31]. This was not an error on the Court's part. *See Hart*, 973 F.3d at 635.

### 2. 42 U.S.C. § 1983 provided the vehicle for Plaintiff's constitutional claims.

Plaintiff argues that the Court erred by construing his constitutional claims as being brought pursuant to 42 U.S.C. § 1983 rather than directly under the Constitution and common law.[1] [*See* Doc. 36 at 2–3, 8–10]. This argument is meritless. "[A] plaintiff may not…bring his action directly under the Constitution as Congress has, by way of 42 U.S.C. § 1983, explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government." *Shorter v. Chandler*, No. 3:04CV-P579-S, 2005 U.S. Dist. LEXIS 8228, *6–7 (W.D. Ky. Apr. 28, 2005). 42 U.S.C. §1983 does not alter a plaintiff's substantive rights but instead "merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*,

---

[1] Plaintiff also asserts—for the first time—that he is pursuing claims under the "Tennessee State Constitution, Declaration of Rights Sections 1, 2, 7, 8, 9, 13, 21, 23, [and] 31[.]" [Doc. 36 at 3]. "Issues 'raised for the first time in motions requesting reconsideration or in replies to responses' are generally considered waived." *Bridgeport Music, Inc. v. Smith*, Civil Action No. 03-cv-72211, 2011 U.S. Dist. LEXIS 142382, *3 (E.D. Mich. Dec. 12, 2011) (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Therefore, Plaintiff cannot base his request for reconsideration on these previously unraised claims. *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001) ("Rule 60(b), however, does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling."). Furthermore, Plaintiff could not prevail on these alleged Tennessee constitutional claims even if they were properly before the Court because "Tennessee has not recognized an implied cause of action for damages based upon violations of the Tennessee Constitution." *Morton v. State*, No. M2008-02305-COA-R3-CV, 2009 Tenn. App. LEXIS 690, *8 (Ct. App. Oct. 13, 2009).

5

536 U.S. 273, 285 (2002). Accordingly, the Court did not err by construing Plaintiff's constitutional claims as being brought pursuant to 42 U.S.C. § 1983. It simply considered those claims as if they had been brought using the correct vehicle.

### 3. Plaintiff is not entitled to have the limitations period for his untimely claims equitably tolled.

In its October 4, 2024, Memorandum Opinion and Order, the Court found that Plaintiff's Fourth Amendment property seizure claim and his proposed, assault, battery, and Fourth Amendment excessive force claims were all untimely. [Doc. 31 at 7–8, 11–12]. Plaintiff does not contest this conclusion but instead argues that the Court erred by not equitably tolling the limitations period for these claims. [Doc. 36 at 8–9]. Like Plaintiff's other arguments, this one is without merit.

Starting with Plaintiff's proposed assault and battery claims, the limitations period for these claims cannot be tolled because they are governed by Tennessee law and Tennessee law does not recognize equitable tolling in civil cases. *See Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012) ("[U]nlike other state courts and the federal courts, we have declined to recognize the doctrine of equitable tolling in civil cases."). Consequently, the Court did not err by refusing to toll the limitations period for these proposed claims.

Regarding Plaintiff's Fourth Amendment property seizure claim and proposed excessive force claim, both are properly pursued through 42 U.S.C § 1983. Ordinarily, this would mean that state law would govern whether the limitations period for these claims should be tolled. *See Wershe v. City of Detroit*, 112 F.4th 357, 370 (6th Cir. 2024). But because Tennessee does not recognize equitable tolling in civil cases, federal courts apply federal equitable tolling principles when evaluating whether to toll a Section 1983 claim governed by a Tennessee statute of limitations. *See, e.g.*, *Doe v. Lee*, 752 F. Supp. 3d 884 (M.D. Tenn. 2024); *Allen v. Fait*, No. 3:23-cv-119, 2023

6

U.S. Dist. LEXIS 208427, *59 (M.D. Tenn. Nov. 21, 2023). These principles dictate that equitable tolling is to be applied "sparingly" and "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000). "Absent compelling equitable considerations, a court should not extend limitations *by even a single day*." *Id.* at 561 (emphasis added). Here, Plaintiff argues that the Court should have tolled his limitations period because: (a) it took him several months to obtain the case file for the criminal proceedings resulting from his arrest, (b) he is proceeding pro se, and (c) Defendant Halsey has likely not been prejudiced by the delay. [*See* Doc. 36 at 8–9]. None of these reasons, however, is sufficient to justify tolling the limitations period applicable to Plaintiff's untimely federal claims.

Starting with Plaintiff's contention that it took him several months to obtain the case file for the criminal proceedings resulting from his arrest, Plaintiff has provided no explanation as to why he needed this file before he could pursue his untimely federal claims, and the Court has been unable to ascertain a possible reason on its own. As Plaintiff was physically present for the allegedly unconstitutional property seizure and use of force [*See* Doc. 1 at ¶¶ 13, 15; Doc. 1-1 at 4–6], he should have possessed all the information he needed to pursue his untimely federal claims irrespective of whether he possessed his criminal case file. Consequently, the Court finds that any delay Plaintiff might have experienced in receiving the case file does not justify tolling the limitations period for his untimely federal claims.

Looking to Plaintiff's assertion that the limitations period should be tolled because he is proceeding pro se, "[p]ro se status and limited educational background are not 'exceptional circumstance[s]' justifying the application of equitable tolling." *Hall v. Green*, No. 6:17-197-JMH, 2022 U.S. Dist. LEXIS 15799, *7 (E.D. Ky. Jan. 28, 2022) (quoting *United States v. Evans*, No.

7

11-CR-43-JMH-REW, 2015 U.S. Dist. LEXIS 76886, at *6 (E.D. Ky. June 15, 2015)). Therefore, Plaintiff is also not entitled to equitable tolling on this ground. *See id.*

Finally, the Court agrees with Plaintiff that Defendant Halsey was likely not prejudiced in any significant way by Plaintiff's untimely filing. But lack of prejudice standing alone is insufficient to justify equitable tolling. *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988) ("[A]lthough absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine[.]"). Because Plaintiff has failed to identify a separate basis for tolling his untimely claims, he cannot rely on the lack of prejudice to Defendant Halsey to invoke the doctrine. *See id.*

Accordingly, the Court did not err in declining to toll the limitations period for either Plaintiff's untimely Fourth Amendment property seizure claim or his untimely proposed assault, battery, and Fourth Amendment excessive force claims.

### 4. Plaintiff's false arrest and imprisonment and malicious prosecution claims must fail because probable cause supported his arrest and prosecution.

Plaintiff asserts that the Court erred in finding that he had failed to state either a false arrest and imprisonment claim or a malicious prosecution claim upon which relief can be granted. [*See* Doc. 36 at 3–8]. This argument has two components. First, Plaintiff asserts that the Court erred in concluding that he needed to establish a lack of probable cause for his false arrest and imprisonment and malicious prosecution claims to survive a Rule 12(b)(6) motion to dismiss. [*See id.*]. Second, he contests whether probable cause supported his arrest and prosecution. [*See id.*]. Both arguments are meritless.

Starting with Plaintiff's argument that he did not need to establish a lack of probable cause for his false arrest and imprisonment and malicious prosecution claims to survive a Rule 12(b)(6)

motion to dismiss, this assertion is contrary to binding precedent. Under federal law, a plaintiff must sufficiently allege a lack of probable cause for either a false arrest and imprisonment claim or a malicious prosecution claim to survive a motion to dismiss. *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015) ("To show in response to a motion to dismiss that the arrest was wrongful, [plaintiff] must plausibly allege that it was unsupported by probable cause."); *France v. Lucas*, 836 F.3d 612, 625 (6th Cir. 2016) ("To succeed on a malicious prosecution claim, a plaintiff must prove: (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) *there was no probable cause for the prosecution*; (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor." (emphasis added)). Tennessee law similarly requires the absence of probable cause for claims of false arrest and imprisonment or malicious prosecution to proceed. *See Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 54 (Tenn. Ct. App. 2013) ("Like the tort of malicious prosecution, false imprisonment requires that the defendant must have acted without probable cause."); *Roberts v. Fed. Express Corp.*, 842 S.W.2d 246, 247–48 (Tenn. 1992) ("In order to establish the essential elements of malicious prosecution, a plaintiff must prove that (1) *a prior suit or judicial proceeding was instituted without probable cause*, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in plaintiff's favor." (emphasis added)) Consequently, the Court did not err by evaluating whether Plaintiff's arrest and prosecution were supported by probable cause.

The Court also did not err in ultimately concluding that probable cause supported Plaintiff's arrest and prosecution. Plaintiff was arrested for two offenses: (i) Driving Without a License in violation of Tennessee Code Annotated § 55-50-301 and (ii) Resisting Arrest in violation of Tennessee Code Annotated § 39-16-602. [Doc. 1-1]. Plaintiff appears to challenge whether

9

probable cause existed for the offense of Driving Without a License on the ground that he is not required to have a driver's license to operate a motor vehicle on Tennessee roads. [*See* Doc. 36 at 3–6]. As the Court noted when dismissing Plaintiff's claims, however, states can require those who use their roads to possess a driver's license. [Doc. 31 at 14 n.8 (collecting cases)]. Plaintiff's argument to the contrary is therefore meritless, and it fails to show that the Court erred in finding that probable cause supported Plaintiff's arrest and prosecution.

Plaintiff also asserts that Defendant Halsey lacked probable cause to charge him with Resisting Arrest.[2] [*See* Doc. 36 at 4, 8]. This, too, is a meritless argument. Plaintiff asserts that Defendant Halsey lacked probable cause because the affidavit of complaint underlying that charge states that Plaintiff "passively resisted" arrest which Plaintiff claims is insufficient to state a Resisting Arrest charge under Tennessee law. [*Id.* at 8]. Plaintiff is correct that passive resistance alone will not support a Resisting Arrest conviction. *See State v. Baker*, No. W2018-00732-CCA-R3-CD, 2019 Tenn. Crim. App. LEXIS 341, *18 (Crim. App. June 7, 2019) ("Passive resistance generally does not constitute using force as contemplated by the preventing or obstructing an arrest statute." (internal quotation marks omitted)). Thus, if the affidavit stated *only* that Plaintiff passively resisted arrest, then his argument might have some merit. But Plaintiff ignores the affidavit's very next sentence which states, "When [Plaintiff] was removed from the vehicle he pulled his hands apart while officers were trying to handcuff him." [Doc. 1-1 at 2]. Tennessee courts have consistently held that a Resisting Arrest charge can be based on an individual's resistance to his own handcuffing. *Baker*, 2019 Tenn. Crim. App. LEXIS 341, *19 (collecting

---

[2] The Court did not address whether the Resisting Arrest charge was supported by probable cause in its October 4, 2024, Memorandum Opinion and Order because it had already concluded that probable cause supported the Driving Without a License charge. *See, e.g.*, *Miller v. Sanilac Cnty.*, 606 F.3d 240, 248 (6th Cir. 2010) ("An arrest is valid so long as there is probable cause for a single charge of an arrestable offense."). Now, however, the Court expressly clarifies that probable cause also supported the Resisting Arrest charge against Plaintiff so as to leave no doubt as to the invalidity of Plaintiff's false arrest and imprisonment and malicious prosecution claims.

cases). Because Plaintiff engaged in such resistance (however minor it may have been), there was probable cause to believe that he had committed the offense of Resisting Arrest. *See id.*; *Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) ("[P]robable cause…exists where facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." (cleaned up)).

Based on the foregoing, the Court did not err in finding that probable cause supported Plaintiff's arrest and prosecution and that Plaintiff's false arrest and imprisonment and malicious prosecution claims must be dismissed as a result.

5. **Plaintiff failed to allege all necessary elements of a conversion claim under Tennessee law.**

Plaintiff argues that the Court erred in dismissing his conversion claims against Defendants Halsey and Fountain City Wrecker Service because the Complaint does not allege that either had the right to take his property, a fact he claims provides the sole basis for defeating a conversion claim under Tennessee law. [*See* Doc. 36 at 9–10]. Plaintiff's understanding of Tennessee law, however, is incorrect. To prevail on a conversion claim under Tennessee law, "the plaintiff must show the following elements: '(1) an appropriation of another's tangible property to one's use and benefit; (2) an intentional exercise of dominion over the chattel alleged to have been converted; and (3) defiance of the true owner's rights to the chattel.'" *Meade v. Paducah Nissan, LLC*, No. M2021-00563-COA-R3-CV, 2022 Tenn. App. LEXIS 225, at *9 (Ct. App. June 9, 2022) (quoting *White v. Empire Exp., Inc.*, 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012)). Here, Plaintiff never alleged that either Defendant Halsey or Defendant Fountain City Wrecker Service appropriated his property for their own "use and benefit." Consequently, Plaintiff failed to plead all the necessary elements for a conversion claim, and the Court did not err in dismissing those claims as a result.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff has failed to show that the Court erred in its October 4, 2024, Memorandum Opinion and Order. Accordingly, Plaintiff's Motion for Reconsideration [Doc. 36] is **DENIED**.

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**